# In the United States Court of Federal Claims

No. 21-1157
(Filed Under Seal: January 28, 2022)
(Reissued for Publication: July 18, 2022)[1]

***************************************
A.M.,                                    *
                                         *
        Plaintiff,                       *
                                         *
    v.                                   *   Lack of Subject-Matter Jurisdiction;
                                         *   RCFC 12(b)(1); Civil Service Reform
                                         *   Act; Due Process; Takings Claim.
THE UNITED STATES,                       *
                                         *
        Defendant.                       *
***************************************

*Bruce I. Afran*, Princeton, N.J., counsel for Plaintiff.

*Sarah E. Kramer*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

Plaintiff challenges his removal from federal employment by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. He seeks reinstatement to his federal position, as well as back pay and benefits. Because Plaintiff fails to cite a money-mandating source of law that permits this Court to exercise jurisdiction over his claims, the Defendant's motion to dismiss must be granted.

## I.    BACKGROUND

In 1978, Congress passed the Civil Service Reform Act ("CSRA"), which "created a new framework for evaluating adverse personnel actions against employees[.]" *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 774 (1985) (quotations omitted). Under the CSRA, an employee subject to an adverse personnel action is "entitled to appeal to the Merit Systems Protection Board [("MSPB")]." 5 U.S.C. § 7513(d). The CSRA further provides that "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A). The structure of the CSRA creates "the primacy of the MSPB for administrative resolution of disputes over adverse personnel action . . .

---

[1] This Order and Opinion was originally filed under seal on January 28, 2022, *see* ECF No. 15, due to a then pending motion to seal, *see* Pl.'s Mot. to Seal., ECF No. 3. The Court granted the Plaintiff's motion to seal on July 5, 2022. *See* ECF No. 25. Accordingly, the Court reissues this Order and Opinion incorporating the redactions outlined in the Court's Memorandum Opinion and Order granting Plaintiff's motion to seal. *See id*.

and the primacy of the United States Court of Appeals for the Federal Circuit for judicial review[.]" *United States v. Fausto*, 484 U.S. 439, 450 (1988) (citations omitted). Under the CSRA, removal is an adverse personnel action subject to MSPB review. *See* 5 U.S.C. § 7512(1) (2018); *Reddick v. Fed. Deposit Ins. Corp.*, 809 F.3d 1253, 1256 (Fed. Cir. 2016).

In this case, after being found guilty of a criminal offense by a jury in a ▆▆▆ state court, Plaintiff was suspended on June 22, 2017, and ultimately removed from his federal position by the ▆▆▆. Compl. ¶¶ 13-15. Plaintiff appealed his removal to the MSPB on December 15, 2017. *Id.* ¶ 16. The ▆▆▆ sought to dismiss his challenge, arguing that under the Supreme Court's decision in *Lucia v. Sec. Exch. Comm'n*, 138 S. Ct. 2044 (2018),² the MSPB administrative law judge ("ALJ") lacked the necessary legal authority to decide Plaintiff's appeal. Compl. ¶¶ 24-25. The question of the authority of ALJs to decide appeals after *Lucia* was certified to the MSPB in a separate case in 2018, but since that time, the MSPB has lacked a quorum to decide the issue. *See* December 2, 2020 MSPB ALJ Decision, Case No. DC-0752-18-0193-I-7 at 1-2 [hereinafter MSPB ALJ Decision]. For that reason, on August 18, 2020, the ALJ dismissed Plaintiff's appeal without prejudice and instructed that his appeal be automatically refiled every 180 days until the legal authority question was resolved. *Id.* ¶ 21; MSPB ALJ Decision at 1-3. Plaintiff's appeal remains in this automatic refiling cycle. *See* Compl. ¶ 21.

Naturally frustrated with his inability to obtain adjudication of his appeal before the MSPB, Plaintiff filed a complaint in this Court on April 5, 2021. *See* Compl. In his complaint, Plaintiff alleges that the ▆▆▆ "deprived [him] of his salary and benefits[,]" and he seeks reinstatement to his federal position, as well as payment of back-pay and benefits starting from the date of his suspension. *Id.* ¶¶ 2, 27-46. The government moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") arguing that this Court does not have subject-matter jurisdiction over his claims. Def.'s Mot. to Dismiss at 3-10 [hereinafter Def.'s Mot.]. Following briefing on the government's motion, the Court has determined that oral argument is not necessary and that the motion is ripe for decision.

## II.   LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). Jurisdiction is a threshold issue the court must address before proceeding to the merits of the case. *See Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). The plaintiff bears the burden of establishing this Court's subject-matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering a motion to dismiss for lack of jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw

---

² In *Lucia*, the Supreme Court held that administrative law judges at the Securities and Exchange Commission ("SEC") are "Officers of the United States" subject to the Appointments Clause of the Constitution. *Lucia*, 138 S. Ct. at 2051, 2055. Therefore, SEC administrative law judges who were not appointed as required by the Appointments Clause lack authority to decide cases. *See id.* at 2055.

all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may also consider evidentiary matters outside the pleadings when determining subject-matter jurisdiction. *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3).

## III. DISCUSSION

While the Court understands Plaintiff's frustration with the delays in his MSPB appeal process, upon review of his complaint, it is clear this Court does not possess subject-matter jurisdiction over his claims. This Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d. 621, 623 (Fed. Cir. 1997). This Court's jurisdiction is defined by the Tucker Act, which waives the sovereign immunity of the United States for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. 1491(a) (2018). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish this Court's jurisdiction, a plaintiff must "identify a substantive source of law that creates the right to recovery of money damages against the United States." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).[3]

Plaintiff's claim is best characterized as an alleged violation of the Due Process Clause of the Fifth Amendment.[4] Plaintiff claims that, as a federal employee, he has "a Fifth Amendment right to receive and use his salary . . . along with his benefits." Compl. ¶ 29. He argues that he "cannot be deprived of such salary and benefits except by [the] statutory process" set forth in the CSRA. *Id.* ¶¶ 30, 33. According to Plaintiff, this statutory process requires that the agency "demonstrate and prove its basis for removal or other discipline, including loss of salary and benefits, in a hearing before the MSPB." *Id.* ¶ 31. Since the MSPB lacked a quorum on the date of his removal, Plaintiff claims that the MSPB could not "assert jurisdiction or any lawful authority" over his appeal, and that, therefore, he "could not be removed and could not be lawfully deprived of [his] salary and benefits" by the ▬. *Id.* ¶¶ 33, 35. In essence, Plaintiff

---

[3] Plaintiff alleges that "[j]urisdiction is vested in this Court by virtue of 28 U.S.C. § 1491(a) and (b)," Compl. ¶ 4, and that "[p]ursuant to 28 U.S.C. [§] 1491 (a)(2), this Court has the additional jurisdiction to restore plaintiff to his federal position." *id*. ¶ 41. Plaintiff's bare citations to the Tucker Act, without citations to a money-mandating source of law, do not grant this Court jurisdiction to decide his claims or otherwise restore him to his federal employment position. *See Testan*, 424 U.S. at 398.

[4] Plaintiff underscores this characterization in his response to the government's motion to dismiss. *See* Pl.'s Resp. at 3-4 (calling the MSPB appeal process "a form of administrative due process"); *id.* at 4 ("The government's insistence that the constitutionality of the agency's deprivation of [Plaintiff]'s salary can only be decided by the MSPB, . . . , closes a tight and inelastic circle around plaintiff's due process rights."); *id.* at 10 ("[A]bsence of the MSPB . . . invalidates the removal scheme and deprives [Plaintiff] of due process[.]"); *id.* at 12 (stating that when MSPB had members it "was able to give the employee due process").

claims that the status of the MSPB deprives him of a forum in which to challenge his removal and therefore infringes upon his Fifth Amendment due process rights.

This Court may only hear constitutional challenges when the Constitution "expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398). It is well-established that due process claims under the Fifth Amendment are not money-mandating and are outside of this Court's jurisdiction. *See id.* ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Therefore, the Court lacks jurisdiction over Plaintiff's due process claim.

Plaintiff also invokes the takings clause of the Fifth Amendment. *See* Compl. ¶¶ 37-39. Without much detail, Plaintiff states that the United States committed a taking because "[w]ithout legal authority the United States deprived [him] of his salary and benefits provided by statute." *Id.* ¶ 38. Generally, the takings clause of the Fifth Amendment is a money-mandating source of law that falls within this Court's jurisdiction. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). However, to bring a Fifth Amendment takings claim, a claimant "must concede the validity of the government action[.]" *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993); *Shelden v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018) ("[T]he Claims Court lacks jurisdiction over takings claims in which the petitioner asserts the subject taking was not authorized."). In this case, Plaintiff alleges that the government acted "[w]ithout legal authority" when the government removed him from federal employment. Compl. ¶ 38. This allegation is based on unauthorized action by the government, and thus, it cannot form the basis of a Fifth Amendment takings claim. For this reason, his takings claim likewise falls outside of this Court's jurisdiction.

Though Plaintiff unequivocally denies that he is "asking the court to rule upon the bona fides of his removal from federal service," Pl.'s Resp. at 3, he argues in Count IV of his complaint that he should be "restored retroactively" to his previous employment status because his "judgment of guilt has now been vacated" by a ▇▇▇▇▇▇ state court.[5] Compl. ¶¶ 45-46. This strikes as a challenge to the merits of his removal—that is, whether he was appropriately removed based on the charges against him and whether he should be reinstated following the vacated judgment. Under the CSRA, the MSPB possesses exclusive jurisdiction to review challenges to adverse personnel decisions, including removal from federal employment. *Read v. United States*, 254 F.3d 1064, 1067 (Fed. Cir. 2001) (finding that "[MSPB] review [is] the exclusive statutory procedure by which employees may challenge their removal"); *see also Honse v. United States*, 149 Fed. Cl. 792, 796 (2020) ("[C]laims brought by federal employees regarding adverse personnel decisions are within the exclusive purview of MSPB") (citing *Fausto*, 484 U.S. at 454). Because of the "comprehensive and integrated review scheme of the CSRA," this Court "is not an 'appropriate authority' to review an agency's personnel determination." *Fausto*, 484 U.S. at 454; *Pueschel v. United States*, 297 F.3d 1371, 1378 (Fed.

---

[5] In February 2020, a ▇▇▇▇▇▇ state court "vacated all of plaintiff's convictions" and dismissed the charges "subject to [his] completion of pre-trial probation[.]" Compl. ¶ 26.

Cir. 2002) ("This court has long held that the Court of Federal Claims does not have jurisdiction over a case that could be heard by the MSPB."). Thus, to the extent that Plaintiff challenges the merits of his removal, the Court finds it necessary to state that it lacks jurisdiction over such a challenge.

In his response to the government's motion to dismiss, Plaintiff emphasizes that he is not asking the Court to review the merits of his removal, which he concedes is subject to the exclusive jurisdiction of the MSPB. *See* Pl.'s Resp. at. 4. Instead, Plaintiff proffers that this Court can exercise "collateral jurisdiction" over the "independent and separate constitutional question of whether the agency had legal authority to commence the removal in the first place where the administrative court that is an essential part of the federal removal scheme does not exist due to the absence of any appointed members." *Id*. Plaintiff relies on the Supreme Court decision in *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010), to support this argument. *Id*. at 5. While this constitutional question may very well be outside of the MSPB's jurisdiction under the CSRA and subject to judicial review, it does not automatically follow that such judicial review can be performed by this Court. This question is rooted in an alleged violation of Plaintiff's rights under the Due Process Clause of the Fifth Amendment, which is not a money-mandating source of law. *See LeBlanc*, 50 F.3d at 1028 (holding that the Due Process Clause of the Fifth Amendment is not money-mandating); *Mitchell*, 463 U.S. at 216-17. Without a money-mandating source of law, this Court cannot exercise jurisdiction over Plaintiff's claims.[6]

## IV.   CONCLUSION

For the reasons stated above, the government's motion to dismiss is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

This opinion is filed **UNDER SEAL**. On or before **February 11, 2022**, the parties are directed to **CONFER** and **FILE** a joint status report, attaching any proposed redactions for this opinion. Additionally, the government shall state in the joint status report whether it opposes the plaintiff's outstanding motion to seal. *See* Pl.'s Mot. to Seal. If the government opposes the motion, the parties shall propose a schedule for further proceedings.

Entry of judgment is **DEFERRED** until the Court rules on the Plaintiff's outstanding motion to seal.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz  
THOMPSON M. DIETZ, Judge

---

[6] In an attempt to identify a money-mandating source of law, Plaintiff cites the Classification Act (5 U.S.C. § 5101, *et seq.*). Pl.'s Resp. at 13. The Supreme Court, however, has found that the Classification Act is not a money-mandating source of law that grants this Court jurisdiction. *See Testan*, 424 U.S. at 403-04 (holding that actions under the Classification Act were "without the remedies in the Court of Claims of retroactive classification and money damages").