**CORRECTED**

# In the United States Court of Federal Claims

No. 21-1157
(Filed Under Seal: July 5, 2022)
(Reissued for Publication: October 11, 2022)[1]

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| ********************************** | | |
| A.M., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Motion to Seal; Motion to Proceed |
| | * | Anonymously. |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| ********************************** | | |

*Bruce I. Afran*, Princeton, NJ, counsel for Plaintiff.

*Sarah E. Kramer*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff seeks to preserve his anonymity in this case by sealing his name, the nature of his prior criminal conviction, and other identifying information from the public record. The government opposes Plaintiff's motion to seal in its entirety. Because the Court finds that Plaintiff has shown that his privacy interests outweigh the prejudice to the government and the public's interest in disclosing his identity, the Court grants his motion to seal.

## I.      BACKGROUND

Plaintiff filed a complaint under seal and with redactions in this Court on April 5, 2021, challenging his removal from federal employment by the ███████████████████████████████ ██████████████████████████████████████ and seeking restoration to his position and recoupment of withheld salary and benefits. *See* Compl., ECF No. 1. The ███ removed Plaintiff after a jury in ████████ state court found him guilty of [a criminal offense]. *Id.* ¶¶ 13-15. Subsequently, Plaintiff's conviction was vacated pending his completion of pre-trial probation, ████████████████████████████████████. *See* Pl.'s Decl. ¶ 3, ECF No. 3-2. Plaintiff appealed his removal to the Merit System Protection Board ("MSPB"), and his appeal was dismissed because the MSPB lacked a quorum. Compl. ¶¶ 16, 24-25. Plaintiff then brought a

---

[1] This Memorandum Order and Opinion was originally filed under seal on July 5, 2022. *See* ECF No. 25. It is now reissued with the appropriate redactions as set forth in the Memorandum Opinion and Order. *See id.* at 4.

claim in this Court challenging, on constitutional grounds, the ███ legal authority to remove him from federal service. *See generally id*.

Concurrent with his complaint, Plaintiff filed a motion to seal requesting that he be permitted to proceed with his case anonymously. Pl.'s Mot. to Seal, ECF No. 3. In his motion, Plaintiff requests that the Court redact his name and job title, the name of the agency he worked at, his address and state of residence, and the nature of his prior criminal conviction that led to his removal from federal service. *Id*. at 1. The government filed a motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and deferred responding to the motion to seal until the Court resolved its motion to dismiss. Def.'s Mot. to Dismiss at 1 n.1, ECF No. 9.

The Court granted the government's motion and dismissed Plaintiff's complaint on January 28, 2022. *See* Order & Op., ECF No. 15. The Court issued its opinion under seal pending the outcome of Plaintiff's motion to seal. *Id*. at 1 n.1. As part of the opinion, the Court ordered the parties to file a joint status report with proposed redactions and for the government to state whether it opposes Plaintiff's motion to seal. *Id*. at 5. In a joint status report filed on February 11, 2022, the government stated that it opposes Plaintiff's motion to seal in its entirety. Joint Status Report, Feb. 11, 2022 at 1, ECF No. 16. The parties proceeded with briefing Plaintiff's motion to seal. The motion to seal is now fully briefed, and the Court has determined that oral argument is not needed.

## II.     DISCUSSION

Plaintiff argues in his motion to seal that "little purpose would be served by allowing publication of [his name and [criminal offense] conviction] through this civil proceeding[,]" and his privacy interests outweigh the general presumption of public access. Pl.'s Mot. to Seal at 6. The government, in opposition, argues that Plaintiff cannot proceed anonymously because "his [criminal offense] legal proceedings are already publicly available information and because he has proceeded under his own name in his challenge to the same removal action before the [MSPB.]" Def.'s Resp. to Pl.'s Mot. to Seal at 1, ECF No. 18 [hereinafter Def.'s Resp.]. As explained below, the Court finds that Plaintiff has met his burden of overcoming the presumption of public access, and, accordingly, grants his motion to seal.

RCFC 10(a) instructs that a complaint filed in this Court "must name all the parties." RCFC 10(a) serves the important function of protecting the public's common law right of access to judicial proceedings. *See Doe No. 1 v. United States*, 143 Fed. Cl. 238, 240 (2019) ("Identifying all parties to a lawsuit facilitates public scrutiny of judicial proceedings."). Thus, "courts allow parties to proceed anonymously only where unusual circumstances justify concealing a party's identity." *Boggs v. United States*, 143 Fed. Cl. 508, 511 (2019) (citing *Whalen v. United States*, 80 Fed. Cl. 685, 691 (2008)). The Court has discretion to seal information from disclosure if the public's right of access is outweighed by the competing interests. *Black v. United States*, 24 Cl. Ct. 461, 464 (1991). In making the determination whether to permit a party to proceed anonymously, the Court weighs the party's need for anonymity against the general presumption that the party's identity be available to the public and the likelihood of prejudice to the opposing party. *See Does I thru XXIII v. Advanced Textile*

*Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Court may allow a party to proceed anonymously to "protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067. The party requesting that the Court seal information bears the burden of overcoming the strong presumption of public access. *See Black*, 24 Cl. Ct. at 464.

The Court finds that Plaintiff's privacy interests in keeping his identity and the nature of his criminal conviction sealed sufficiently overcome the general presumption that a party's identity in judicial proceedings be available to the public. Mere embarrassment from a criminal conviction is ordinarily not sufficient to seal a record or allow a party to proceed anonymously. *See Whalen*, 80 Fed. Cl. at 692 (highlighting that "some embarrassment or economic harm is not enough." (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981))). However, Plaintiff's concern with public disclosure of his identity and prior conviction understandably goes beyond mere embarrassment. A criminal conviction for [Plaintiff's criminal offense] is especially stigmatizing relative to other types of convictions. *See United States v.* ███████, ███ F. App'x ██████ (10th Cir. 2019) (acknowledging the "opprobrium not inherent in other crimes" of [criminal offense]). Furthermore, Plaintiff's conviction has been vacated (pending his completion of pre-trial probation), and ██████████████████████████████████. Pl.'s Decl. ¶ 3. Denying Plaintiff's request to proceed anonymously would shed unnecessary light onto his prior conviction and increase the likelihood of further social stigma as a result of his now vacated conviction. *See Rostker*, 89 F.R.D. at 161 ("The common thread running through [cases where anonymity was warranted] is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record.").

The government challenges Plaintiff's privacy interests on the grounds that "[t]he cat is already out of the bag [and that] there is nothing left for this Court to keep private regarding Plaintiff's [criminal offense] conviction." Def.'s Resp. at 6. The Court is not persuaded by this argument. The fact that Plaintiff's identity and the nature of his criminal conviction are already publicly available through other means, such as the media, and that Plaintiff has filed a separate action under his name before the MSPB do not extinguish Plaintiff's privacy interests in this case. A disclosure by third parties of Plaintiff's identity and his prior conviction does not result in a waiver of his privacy interests in this case. *See Doe No. 1*, 143 Fed. Cl. at 241. Further, Plaintiff's disclosure of his identity to the MSPB, which has its own procedures for concealing sensitive information, is a separate matter from disclosure of his identity to the general public. *See Doe v. United States*, No. 19-720T, 2019 WL 3406800, at *3 (Fed. Cl. July 29, 2019) (stating that "the disclosure of Plaintiff's identity to the government is a separate issue from potential harm arising from disclosure to the public at large."). These arguments are not enough to defeat Plaintiff's privacy interests.

Plaintiff's privacy interests outweigh the prejudice to the government and the public interest in disclosure of Plaintiff's identity and the nature of his criminal conviction. Plaintiff's case has already been dismissed for lack of jurisdiction. *See* Order & Op. Thus, allowing Plaintiff to preserve his anonymity at this stage of the litigation will not result in any prejudice to the government. *See Boggs*, 143 Fed. Cl. at 512 ("Proceeding with plaintiffs' names under seal, especially [seventeen] months into litigation, would have negligible ill effects to the government's defense."). The government essentially concedes this point by not alleging any prejudice in its response to Plaintiff's motion to seal. *See generally* Def.'s Resp. at 1-11.

Further, the public interest in disclosing Plaintiff's identity and the nature of his criminal conviction is minimal because his identity and the nature of his criminal conviction are not essential to the public's understanding of the issues before the Court and the Court's decision. While his removal from federal service may have been a consequence of his conviction, Plaintiff's claim before this Court focuses on the "separate and distinct constitutional claim that the [g]overnment cannot refuse to pay a federal employee during a period when the MSPB could not hear the disciplinary case due to a lack of quorum." Pl.'s Reply at 5, ECF No. 24. Plaintiff's identity and the nature of his criminal conviction are not at all relevant to his claim before this Court, and granting Plaintiff's request to remain anonymous "[will] not impair the public's view of the presentation and resolution" of the issues. *See Doe No. 1*, 143 Fed. Cl. at 242. Because allowing Plaintiff to preserve his anonymity will not prejudice the government and will not impair the public's understanding of the issues in the case, the public interest is better served by ensuring that Plaintiff and others in his position are able to use the courts to seek a judicial remedy for alleged wrongs without the fear of compounding the stigma that they likely already face. *See Advanced Textile*, 214 F.3d at 1073.

## III.    CONCLUSION

In sum, without a showing of prejudice or impairment to the public interest, the Court finds that Plaintiff's privacy interests outweigh the presumption of public access.  Accordingly, Plaintiff's motion to seal is **GRANTED**. Plaintiff's name and job title, the name of the federal agency where he was employed, his address and state of residence, and the nature of his criminal conviction that led to his removal from federal service **SHALL BE SEALED**.[2] All unsealed documents shall contain the following redactions:

- ▪ Plaintiff's name shall be inserted as "A.M." in the caption and "Plaintiff" wherever the name "███████████" or "██████" appears;
- ▪ References to his conviction for ████████████████ or similar references shall be replaced with "criminal offense;"
- ▪ References to the "████████████████████████████████ ████████████" shall be redacted;
- ▪ References to "████████" in connection with his conviction shall be redacted;
- ▪ Plaintiff's job title shall be redacted; and
- ▪ Plaintiff's address and state of residence shall be redacted.

The parties **SHALL FILE** redacted versions of their filings on the public docket **on or before August 4, 2022**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[2] The government argues that Plaintiff's proposed redactions are overly broad and only the nature of his conviction should be redacted and sealed. *See* Def.'s Resp. at 10-11. The Court disagrees and finds that Plaintiff's proposed redactions are appropriately tailored to effectively maintain his anonymity and minimize impairment to the public's understanding of the issues and resolution in this case.